**WO**                                                                                    LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Barry Lee Moncrief, | ) | No. CV 05-4200-PHX-MHM (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph M. Arpaio, | ) | |
| Defendant. | ) | |
| | ) | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]  Plaintiff is an inmate at the Towers Jail in Phoenix, Arizona.  The Court will require Defendant Arpaio to answer Count I of the Complaint.  The remaining counts will be dismissed without prejudice.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  An initial partial filing fee of $1.45 (based on an average monthly

---

[1]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF

1  deposit of $7.20) will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By separate order,

2  the Court will direct the appropriate agency to collect the initial partial filing fee from

3  Plaintiff's trust account and forward it to the Clerk of Court.

4        Plaintiff will be obligated for monthly payments of 20 percent of the preceding

5  month's income credited to Plaintiff's trust account.  The Court will direct the appropriate

6  agency to collect these monthly payments, which will be forwarded to the Clerk of Court

7  each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.

8  28 U.S.C. § 1915(b)(2).  Plaintiff should take notice that if he is released before the filing fee

9  is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of

10  the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days

11  of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in

12  writing, why he is unable to pay the remainder of the filing fee.

13  **B.**     **Statutory Screening of Prisoner Complaints**

14        The Court is required to screen complaints brought by prisoners seeking relief against

15  a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

16  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

17  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

18  may be granted, or that seek monetary relief from a defendant who is immune from such

19  relief.  28 U.S.C. § 1915A(b)(1), (2).

20  **C.**     **Complaint**

21        Plaintiff sues Maricopa County Sheriff Joseph Arpaio in his official capacity.  In

22  Count I of his Complaint, Plaintiff alleges that he was attacked by four inmates for refusing

23  to comply with their gang leader's wishes.  He suffered "neck whiplash, black eye, bruised

24  back, shoulder out of place, and headache."  (Compl. at 4.)  He also fears that he will be

25  attacked again. Plaintiff asserts that Defendant Arpaio has known for a long time that gang

26  behavior exists.  These allegations adequately state a claim, and the Court will require

27  Defendant Arpaio to answer Count I of the Complaint.

28

- 2 -

1       In Count II, Plaintiff alleges that the jail is severely overcrowded and that the tension

2   causes fights.  He has been attacked, and he has suffered headaches, paranoia, insomnia and

3   weight loss.  This contention, however, is not connected to Defendant Arpaio in any manner.

4   Officials are subject to suit under § 1983 only if "they play an affirmative part in the alleged

5   deprivation of constitutional rights."  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

6   Without any allegations to show how Defendant Arpaio was involved, Count II must be

7   dismissed without prejudice.

8       Count III fails for the same reasons as Count II.  In Count III, Plaintiff alleges that he

9   was retaliated against by detention officer for filing grievances.  He was threatened with the

10  loss of privileges and was made a scapegoat for putting the entire pod on restriction.  These

11  allegations are not connected to Defendant Arpaio in any manner.  Consequently, this count

12  will be dismissed without prejudice.

13  **D.      Rule 41 Cautionary Notice**

14      Plaintiff should take notice that if he fails to timely comply with every provision of

15  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

16  41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

17  61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the

18  Court), cert. denied, 506 U.S. 915 (1992).

19  **IT IS THEREFORE ORDERED THAT:**

20      (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28

21  U.S.C. § 1915(a)(1).

22      (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  An

23  initial partial filing of $1.45 is assessed.  All fees shall be collected and paid in accordance

24  with this Court's Order to the appropriate government agency filed concurrently herewith.

25      (3)  Count II and III are **dismissed without prejudice**.  The Clerk of Court shall send

26  Plaintiff a **service packet** including the Complaint, this Order, and both summons and

27  request for waiver forms for Defendant Arpaio.

28

1    (4) Plaintiff shall complete and return the service packet to the Clerk of Court within

2    20 days of the date of filing of this Order.  The United States Marshal will not provide

3    service of process if Plaintiff fails to comply with this Order.

4    (5) If Plaintiff does not either obtain a waiver of service of the summons or complete

5    service of the Summons and Complaint on each Defendant within 120 days of the filing of

6    the complaint or within 60 days of the filing of this Order, whichever is later, the action may

7    be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of

8    Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

9    (6)  The United States Marshal shall retain the Summons, a copy of the Complaint,

10   and a copy of this Order for future use.

11   (7) The United States Marshal shall notify Defendant of the commencement of this

12   action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

13   Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The

14   Marshal shall file waivers of service of the summons or requests for waivers that were

15   returned as undeliverable as soon as they are received.  If a waiver of service of summons

16   is not returned by a Defendant within thirty days from the date the request for waiver was

17   sent by the Marshal, the Marshal shall:

18   (a) Personally serve copies of the Summons, Complaint, and this Order upon the

19   Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

20   (b) Within 10 days after personal service is effected, file the return of service for

21   the Defendant, along with evidence of the attempt to secure a waiver of service of the

22   summons and of the costs subsequently incurred in effecting service upon the

23   Defendant.  The costs of service shall be enumerated on the return of service form

24   (USM-285) and shall include the costs incurred by the Marshal for photocopying

25   additional copies of the Summons, Complaint, or this Order and for preparing new

26   process receipt and return forms (USM-285), if required.  Costs of service will be

27   taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the

28   Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

TERMPSREF

- 4 -

1    (8) **A Defendant who agrees to waive service of the Summons and Complaint**

2    **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

3    (9)   Defendant shall answer Count I of the Complaint or otherwise respond by

4    appropriate motion within the time provided by the applicable provisions of Rule 12(a) of

5    the Federal Rules of Civil Procedure.

6    (10) Any answer or responsive pleading shall state the specific Defendant(s) by name

7    on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

8    motion or paper that does not identify the specific Defendant(s) by name on whose behalf

9    it is filed.

10   (11)   Plaintiff shall serve upon Defendant, or if appearance has been entered by

11   counsel, upon counsel, a copy of every further pleading or other document submitted for

12   consideration by the Court.  Plaintiff shall include with the original document and copy, to

13   be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

14   the pleading or document was mailed to Defendant or counsel.  Any paper received by a

15   District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court

16   may be disregarded by the Court.

17   (12) At all times during the pendency of this action, Plaintiff shall immediately advise

18   the Court and the United States Marshal of any change of address and its effective date.

19   Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall

20   contain only information pertaining to the change of address and its effective date.  Plaintiff

21   shall serve a copy of the notice on all opposing parties. The notice shall not include any

22   motions for any other relief. Failure to file a Notice of Change of Address may result in the

23   dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules

24   of Civil Procedure.

25   (13) A clear, legible copy of every pleading or other document filed shall accompany

26   each original pleading or other document filed with the Clerk for use by the District Judge

27   or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement

28   may result in the pleading or document being stricken without further notice to Plaintiff.

TERMPSREF                                                      - 5 -

1       (14)  This matter is referred to Magistrate Judge Mark E. Aspey under Local Rules

2   of Civil Procedure 72.1 and 72.2 for further proceedings.

3       DATED this 15th day of April, 2006.

Mary H. Murgula
United States District Judge